UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAQUIM PEDRO DE MORAIS FILHO,

Plaintiff,

-against-

X CORP.; ELON MUSK; THE TRUST AND
SAFETY TEAM OF X CORP.,

Defendants.

26-CV-2520 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a Brazilian national residing in Brazil, brings this action *pro se*. Plaintiff

alleges that his social media account on X (formerly Twitter, Inc.) was suspended and his appeal

from the suspension was denied. He brings this action against X Corp., "the Trust and Safety

Team of X Corp.," and owner Elon Musk.

For the following reasons, this action is transferred to the United States District Court for

the Western District of Texas.

**DISCUSSION**

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues X Corp., which has its headquarters in Bastrop County, Texas, and also sues all employees on X Corp.'s trust and safety team, whose domiciles are unknown. In addition, Plaintiff sues Elon Musk, a public figure whose primary residence and domicile appears to be outside New York. *See, e.g.*, *Sec. & Exch. Comm'n v. Musk*, No. CV 25-105 (SLS), 2025 WL 2803858, at *4 (D.D.C. Oct. 2, 2025) ("Mr. Musk notes that he resides in the Western District of Texas.").

Venue of Plaintiff's claims does not appear to be proper in this district under Section 1391(b)(1) based on the residence of defendants, because New York, the State in which this district is located, is not a district where all defendants reside.

Venue of Plaintiff's claims also does not appear to be proper in this district under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred. Plaintiff resides in Brazil and the events described in the complaint all appear to have taken place outside this district.

When a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court therefore considers whether there is another venue where the action could have been brought. Defendant X Corp. has its headquarters in Bastrop County, which is in the Western District of Texas, 28 U.S.C. § 124(d), and Defendant Musk

2

appears to be domiciled in that district. Venue under Section 1391(b)(1) or (2) therefore may be proper in that district.[1]

In the interest of justice, because venue is not proper in this district, the Court transfers this action to the United States District Court for the Western District of Texas, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] Recent decisions have recognized that, at least for users in the United States, X Corp.'s current terms of service include a forum selection clause designating the Northern District of Texas as the proper forum for claims arising from its services. *See*, *e.g.*, *Taddeo-Waite v. X. Corp.*, No. 25-CV-0874, 2025 WL 3237422, *1 (D. Conn. Nov. 20, 2025); *see also Trupia v. X Corp.*, No. 25-CV-03685, 2026 WL 381823, at *1 (N.D. Cal. Feb. 11, 2026) (granting Defendant X Corp.'s motion to transfer venue to the Northern District of Texas); *Doe v. X Corp.*, No. 25-CV-07597, 2025 WL 3500543, at *8 (N.D. Cal. Nov. 6, 2025) ("[T]he Court GRANTS Defendants' motion to transfer to the U.S. District Court for the Northern District of Texas."). Although a forum-selection clause "has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)," *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013), it may mean that the Northern District of Texas is another district where venue is proper.

3

This order closes the case in the Southern District of New York.

SO ORDERED.

Dated:    April 23, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge